Decided March 8, 1989

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

COMMONWEALTH OF THE NORTHERN )    CRIMINAL ACTION NO. 88-191(F)
MARIANA ISLANDS, )
                   )
        Plaintiff, )          ORDER
                   )
        vs. )
                   )
LEE CHI MING, a/k/a )
TOMMY LEE, )
                   )
        Defendant. )
_____)

The Defendant's Motion to Quash the Search Warrant and to Suppress Evidence pursuant thereto came before the Court for a hearing on February 27, 1989 in Courtroom C, at which time the Defendant appeared through counsel, Mr. Kosack, and the Government appeared through Mr. Hayden. Upon the conclusion of the arguments of counsel the Court took the matter under advisement.

Based on the testimony at the hearing, the affidavits filed with the Court, the arguments of counsel and the points of authorities filed with the Court, the Court finds that on November 15, 1988, Mr. Edward L. Hayden appeared before Judge Hefner and presented an affidavit in support of search warrant and a proposed search warrant. Mr. Hayden made an oral oath before Judge Hefner that the information contained in his affidavit were true. The affidavit itself states,

**644**

"I declare under the pains and penalties of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief."  It further states that, "A search of the offices of Eurotex Saipan, Inc. would reveal the cancelled check used to purchase five (5) airline tickets to be used to deport five (5) workers."

The search warrant was issued by Judge Hefner and he also signed the night-time endorsement contained therein.  The search warrant provides that there is probable cause to believe that on the premises described as Eurotex Garment Factory, San Vicente, Saipan, CNMI, there is now being concealed therein certain property namely:

> "A Bank of Hawaii cancelled check #1041, made payable
> to Saipan Oceanview dated August 8, 1988, drawn on
> the Eurotex account which is property necessary to
> be produced as evidence..."

The arrest warrant was executed on November 14, 1988 at about 7:11 p.m. at the office of Eurotex and the check described in the search warrant was confiscated.

According to the testimony of Lt. Camacho, when he and another officer arrived at the building in which the office  of the company was located, a security guard approached them from outside the building and as he knocked on the door, the security guard told them that it was open and there were people working inside.  Therefore, he opened the door, went inside, and read the affidavit and the search warrant to the Defendant.  An employee of the Defendant then pulled out a file and took out the check from the file and gave it to him in

the office. The officers did not physically search any part of the Eurotex Garment Factory.

First, the Defendant argues that the search warrant is defective and should be quashed in that the affidavit was not based upon a statement of probable cause supported by an oath or affirmation. The Prosecutor argues that the probable cause statement in the affidavit was supported by an oath in the affidavit itself and an oath taken before Judge Hefner before the search warrant was executed by the Judge.

The Court finds and concludes that the statement of probable cause in the affidavit is supported by an oath and is therefore, not defective for that reason. The search warrant will not be quashed under this theory.

Second, the Defendant argues that the search warrant is defective and should be quashed in that it is not specific enough as to where to search and it constitutes a "general warrant". He contends that the warrant is not specific enough as to location of the place to be searched and is not specific enough to limit the scope of the search to those areas where there is probable cause to search for the check. In particular, the Defendant argues that the description of, "premises described as Eurotex Garment Factory, San Vicente, Saipan, CNMI" is too broad. It consists of many buildings, kitchens, storerooms, dining area, laundry area, generator room, shower rooms, bathrooms, purification room, warehouse, offices, and so forth.

**646**

The Prosecutor argues that the description in the warrant is not overbroad in that the Defendant owns the company and is in control of all the different parts of the entire Eurotex Factory. Furthermore, the affidavit of probable cause specifically states that the item to be sought is contained in the offices of the company. He further argues that even if there is no probable cause to search other places in the factory, there is probable cause to search the offices and by applying the doctoring of severability the search warrant can be found to be within the constitutional limits.

Based on the findings of the Court as to the manner in which the search warrant was executed, and in agreeing with the points raised by the Prosecutor, the Court concludes that the broad description of the place to be searched does not, per se, justify quashing the search warrant. The officers went directly to the office of the Defendant and upon reading the search warrant and the affidavit, an employee of the Defendant produced the check and handed it over to the officers. The officers did not physically search any part of the office or the factory. Had they searched the dormitory or the warehouse and found contraband, Defendant's arguments would then be viewed much differently. But common sense and the affidavit led the officers towards the office, rather than any other part of the factory.

Third, the Defendant further argues that the search warrant is defective in that there is no basis for the Court to have endorsed the night-time endorsement portion of the warrant and that the search should not have been executed at night. The Prosecutor contends that

**647**

the night-time endorsement is of no significance in that the search warrant was executed during the daytime pursuant to Rule 41(h), Commonwealth Rules of Criminal Procedure, which provides that the term "daytime" is used to mean the hours from 6:00 a.m. to 10:00 p.m. The search warrant herein was executed at 7:11 p.m.

The Court finds and concludes that the night-time endorsement is irrelevant and does not constitute grounds for the quashing of the search warrant or suppressing the fruits thereof.

Finally, the Defendant argues that the search warrant should be quashed in that the officer failed to knock and demand entrance in a loud voice stating that he desired to execute a search warrant. The Prosecutor argues that even if the officer did not make such a demand in such manner, such failure to do so does not rise to a constitutional defect.

The Court finds that Lt. Camacho in this case knocked the door and then a security guard for the company indicated to him to go ahead and open the door since it was unlocked and there were people working inside. The officer then opened the door, which was unlocked and walked inside the building. 6 CMC 6203 provides that if the building is open then there is no need to demand permission to enter. If a demand is made and the door is not opened immediately, then the officer may force an entrance. Under the circumstances of this case, the officer found no need to either demand entrance in a loud voice or break down the door because the security guard suggested that he go ahead and enter.

648

The Court concludes that there is no basis under this argument to quash the search warrant and suppress the fruits thereof.

During the course of the hearing, the defense counsel wanted to call the Prosecutor to cross-examine him on the affidavit which he filed with the Court. Although the issue of whether an affiant may be cross-examined based on his affidavit is not a substantive issue in this case, the Court did consider the issue after the hearing and hereby concludes that the Defendant had no basis for cross-examining the Prosecutor on his affidavit. The Defendant could have filed his own affidavit and if the affidavits were in conflict as to questions of fact then the matter could be set for a hearing and the parties would present testimony to establish their version of the facts. After such witness testimony, the opposing party could then cross-examine the witness.

IT IS HEREBY ORDERED that the motion to quash the search warrant and suppress the items confiscated thereunder is hereby DENIED.

ENTERED this ___8th___ day of ___March___, 1989.

_____
Ramon G. Villagomez
Associate Judge

649